UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

---

MELISSA MARIE JACKSON,
an Individual

                              Plaintiff,

vs                                                    Case No:
                                                      Hon.


BETTY WILLIAMS, In her
individual and official capacity,
GENESEE COUNTY JAIL ADMINISTRATOR - LEROY COBB in his
individual and official capacity,
GENESEE COUNTY SHERIFF - ROBERT J. PICKELL, in his
individual and official capacity,
and GENESSE COUNTY,
Jointly and Severally

                              Defendants.

---

AKEEL & VALENTINE PLC
By:     Shereef H. Akeel P54345
        Muneeb M, Ahmad P70391
888 W. Big Beaver Road, Ste. 910
Troy, MI 48084
Telephone: (248) 269-9595
Fax: (248) 269-9119

---

## COMPLAINT AND JURY DEMAND

---

NOW COMES Plaintiff, Ms. Melissa Marie Jackson, an Individual, by and through her undersigned counsel, Akeel & Valentine, PLC, and states as follows:

### JURISDICTIONAL ALLEGATIONS

1. This action arises under 42 U.S.C. §1983 and §1985.  Jurisdiction is conferred in this

   Honorable Court pursuant to 28 U.S.C. §1331, 1367, 2201, and 2202.

2. Plaintiff, Melissa Marie Jackson (hereinafter "Plaintiff"), is a citizen of the United States

of America, and a resident of the State of Michigan.

3.  Upon information and belief, Defendant, Betty Williams, (hereinafter "Williams"), is a United States Citizen, and is currently residing in the State of Michigan.

4.  At all relevant times herein, upon information and belief, Defendant Williams was employed by the Genesee County Sherriff's Department as a Police Officer. Defendant is being sued in her official and individual capacity.

5.  Upon information and belief, Defendant, Leroy Cobb (hereinafter "Cobb"), is a resident of the State of Michigan, and at all relevant times herein, was employed by the Genesee County as the Jail Administrator. Defendant is being sued in his official and individual capacity.

6.  Upon information and belief, Defendant, Robert J. Pickell (hereinafter "Pickell"), at all times relevant, was employed by the Genesee County Sheriff's Department as the Sheriff of Genesee County, Michigan. Defendant is being sued in his official and individual capacity.

7.  Defendant, Genesee County (hereinafter the "County"), is a governmental body organized and existing under Michigan Law.

**FACTUAL ALLEGATIONS**

8.  Plaintiff incorporates by reference the forgoing paragraphs, as though fully set forth herein.

9.  On August 18, 2010 at approximately 3pm, Plaintiff was standing across the street from the Genesee County Jail Building.

10. Upon information and belief, suddenly and without provocation or notice, Defendant

Williams, who was in her police uniform, began walking from the Genesee County Jail building towards Plaintiff.

11. As Defendant Williams came closer to Plaintiff, Defendant Williams shouted "get the f**k out of here."

12. Without provocation or probable cause, Defendant Williams then struck Plaintiff by chest-bumping Plaintiff.

13. Defendant Williams then grabbed Plaintiff and flipped her onto the ground, facedown.

14. Defendant Williams then placed her knee on Plaintiff's back while Plaintiff was facedown on the ground.

15. Defendant Williams then pulled Plaintiff's arms up in the air causing severe pain.

16. With Defendant Williams' knee still on Plaintiff's back, Defendant Williams handcuffed Plaintiff.

17. Two other police officers from the Genesee County Jail ("Jail") then came out of the building and took Plaintiff inside the building.

18. Defendant Williams then left the scene.

19. Upon information and belief, during this time, Plaintiff was not read her Miranda rights.

20. Upon information and belief, during this time, Plaintiff was not told why she was handcuffed.

21. Upon information and belief, during this time, Plaintiff was not told why she was in custody.

22. The Plaintiff was then booked by Jail personnel.

23. Upon information and belief, the Plaintiff was not charged with any violation as this

3

time.

24. Plaintiff was then forced to disrobe and wear an orange-colored jump suit.

25. Plaintiff was then placed in a holding cell in the Jail

26. Upon information and belief, at the time Plaintiff was initially booked, she informed Jail personnel that she has several medical conditions and was taking physician-prescribed medications for those medical conditions.

27. Upon information and belief, Officers Williams, Cobb, and Pickell ("Defendant Officers") as well as Defendant County (hereinafter collectively referred to as "Defendants") as well as other Jail personnel,  refused to provide Plaintiff with her physician-prescribed medication, and Plaintiff was not allowed to take her physician-prescribed medication.

28. Upon information and belief, the Plaintiff was forced to sleep that night, August 18, 2010 in the Jail cell without her medication.

29. Upon information and belief, the following day, August 19, 2010, Plaintiff again, notified and complained to Jail personnel that Plaintiff suffered from a sleeping disorder and severe anxiety, and that she was experiencing both a panic attack and an excruciating migraine headache.

30. Upon information and belief, Plaintiff, also again told the Jail personnel that she needed her physician-prescribed medication for her severe pain.

31. Upon information and belief, Defendants and other Jail personnel deliberately ignored Plaintiff's complaints, and again refused to allow the Plaintiff to take her medicine and ignored her plea for assistance.

4

32. Upon information and belief, Plaintiff was again forced to sleep a second night, August 19, 2010 the Jail without her physician-precribed medication.

33. Upon information and belief, Defendants and Jail personnel placed Plaintiff in lock down and threatened to place her in the "Pit" if she voiced any more concerns about her health or her conditions.

34. Upon information and belief, Defendants and Jail personnel, did not allow Plaintiff to shower during the three days she was wrongfully jailed and held against her will.

35. Upon information and belief, Defendants and Jail personnel, did not allow Plaintiff to take her medication during the three days Plaintiff was wrongfully jailed and held against her will.

36. On the third day, August 20, 2010, the Plaintiff was released without charge or knowledge as to the reason for her incarceration.

37. On or about a week later, Plaintiff received in the regular mail, a violation citation for allegedly "resisting arrest" and "disorderly conduct." (**Exhibit A**).

38. Subsequently both counts on the citation were dismissed with prejudice.

39. At the time, Defendants took Plaintiff into custody and wrongfully jailed and held her against her will for three days, Defendants had no probable cause that Plaintiff committed or was committing any crime.

40. Defendants' conduct as outlined above violated Plaintiff's state and federally protected civil rights, and amounted to unreasonable search and seizure, false arrest, false imprisonment, malicious prosecution, and cruel and unusual punishment.

41. Further, as a result of Defendants' conduct as outlined above, Plaintiff was denied her

constitutional right to be with her children, as guaranteed under the Due Process Clause of the Fourteenth Amendment of the Constitution

42. In addition to the relief requested by Plaintiff below, Plaintiff seeks a declaratory judgment that Defendant County has a policy, custom, or practice of acquiescence in, inadequate training of or supervision regarding unconstitutional conduct of its officers in general, and these Defendant Officers and County in particular, to wit: their failure to investigate in good faith, their falsification of evidence against an accused or others, and conduct amounting to unlawful search and seizure, false arrest, false imprisonment, and malicious prosecution without probable cause, as well as cruel and unusual punishment, failure to disclose exculpatory evidence or material, all, thereby depriving Plaintiff of her clearly established constitutional rights and liberties as guaranteed under the Constitution and laws of the United States.

## COUNT I - FEDERAL CLAIM
## 42 U.S.C. 1983 VIOLATION OF PLAINTIFF'S RIGHT TO PARENT UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT

43. Plaintiff incorporates by reference all of the foregoing paragraphs, as though fully set forth herein.

44. This claim is being brought under the Due Process Clause of the 14th Amendment of the United States Constitution.

45. Under the Constitution, the parent-child relationship gives rise to a liberty interest that a parent may not be deprived of, absent due process of law.[1]  Further, the fundamental rights of parents to make decisions concerning the care, custody, and control of their

---

[1] *Kottmyer v Maas*, 436 F3d 684 (6th  2006)

children is one of the oldest of the fundamental liberty interests recognized by the Supreme Court.[2]

46. Defendants, individually, and under color of law, substantially interfered with and violated Plaintiff's liberty interest and right to parent by engaging in one or more of the following acts:

    a. Wrongfully arresting Plaintiff without probable cause;
    b. Wrongfully imprisoning Plaintiff against her will;
    c. Not allowing Plaintiff to contact the children or other family members to inform them of Plaintiff's fate.

47. Defendants' action above, individually, and under color of law, substantially interfered with Plaintiff's liberty interest and in violation of Plaintiff's due process rights under the 14th Amendment.

48. Defendants' conduct, also, violated Plaintiff's constitutional rights by interfering with her familial relationship.

49. Defendants' conduct has not been made in good faith.

50. As a result of the constitutional violations, Plaintiff has experienced extreme mental and emotional distress for the forced separation of Plaintiff from her children, during the period of false imprisonment.

51. Defendants, knew, or should have known that what they were doing was, and is, constitutionally wrong, so as to strip them from any absolute, qualified, or governmental immunities on Plaintiff's claims.

WHEREFORE, Plaintiff respectfully requests declaratory relief from this Honorable

---

[2] *Lehr v Robertson*, 463 US 248, 258 (1983)

Court as outlined above, and further requests judgment against all Defendants, jointly and severally, for compensatory damages for whatever amount the jury finds necessary, and further demands judgment against all Defendants, jointly and severally, for punitive damages in whatever amount the jury finds necessary, in addition to all costs, interest, and actual attorney fees pursuant to 42 U.S.C. § 1988, and such other relief as this Honorable Court deems just, and equitable under the circumstances.

### COUNT II - FEDERAL CLAIM
### 42 U.S.C. § 1983 FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS - FALSE ARREST, FALSE IMPRISONMENT, MALICIOUS PROSECUTION AND UNREASONABLE SEARCH AND SEIZURE

52. Plaintiff incorporates by reference all of the foregoing paragraphs, as though fully set forth herein.

53. Plaintiff's Constitutionally protected rights were violated by Defendants and include the following:

      a.    the right to liberty protected in a substantiative component of the due process clause of the Fourteenth Amendment which includes personal safety, privacy, liberty, and freedom from captivity;

      b.    the right to free and equal treatment guaranteed and protected by the Equal Protection clause of the Fourteenth Amendment;

      c.    the right to be secure in his person, papers and effects against unreasonable searches and seizures under the Fourth Amendment.

54. Defendants, County and Officers, jointly and individually, acting under color of state law, violated the above Constitutionally-protected rights, by wrongfully detaining Plaintiff, depriving her of her freedom, freedom of movement, and subjecting her to a wrongful and unreasonable search and seizure.

55. Defendant Williams, acting under color of state law, violated the above Constitutionally

8

protected rights, when she arrested Plaintiff without having any physical evidence or any probable cause that Plaintiff had committed, or was committing any crime.

56. At the time, Defendant Williams arrested Plaintiff, Defendant Williams was acting in an administrative or police capacity.

57. Defendants Williams and other Jail personnel, acting under color of state law, violated the above Constitutionally protected rights, when they handcuffed, arrested, and unlawfully searched, and unlawfully imprisoned Plaintiff, despite the fact that there was no evidence or probable cause to demonstrate that Plaintiff had committed, or was committing, any crime.

58. The search conducted on Plaintiff's persons was without her consent.

59. In addition to the initial restraint and deprivation of personal liberty and freedom of movement being unreasonable, the continued detention was unreasonable, as Defendants, did not have any probable cause to arrest Plaintiff.

60. In addition, Defendants, County and Officers instituted and initiated the allegations of criminal activity against Plaintiff without probable cause and with malice, by sending a citation of violations in the mail after Plaintiff's release from custody.

61. As a direct and proximate result of these policies, practices and customs, Defendants deprived Plaintiff of her Constitutionally protected rights described above.

62. As a result of Defendants' actions, Plaintiff suffered loss of liberty; incarceration; and imprisonment.

63. Plaintiff further suffered and continues to suffer economic and non-economic damages including but not limited to: embarrassment, indignation, anxiety, mental anguish,

nightmares, emotional distress, discomfort, pain, loss of weight, humiliation, outrage, shame, fear, loss of income, damage to her professional reputation, damage to her reputation in the community, denial of constitutional rights, and other injuries, damages or consequences related to the incident.

64. Defendants, jointly and individually, acting under color of state law, authorized, tolerated, ratified, permitted or acquiesced in the creation of policies, practices and customs, establishing a defacto policy of deliberate indifference to individuals such as Plaintiff.

65. Defendants' policies, customs, and practices were carried out with deliberate indifference, willful and wanton disregard and with the spirit of gross negligence, and were the direct and deliberate cause of the Constitutional deprivations of Plaintiff's liberty, due process, and were the direct cause of Plaintiff's unreasonable search and seizure, false arrest, false imprisonment, and malicious prosecutuion.

66. As a result of their conduct described above, Defendants, County and Officers, are, also, jointly and severally liable under 42 U.S.C. 1983.

WHEREFORE, Plaintiff respectfully requests declaratory relief from this Honorable Court as outlined above, and further requests judgment against all Defendants, jointly and severally, for compensatory damages for whatever amount the jury finds necessary, and further demands judgment against all Defendants, jointly and severally, for punitive damages in whatever amount the jury finds necessary, in addition to all costs, interest, and actual attorney fees pursuant to 42 U.S.C. § 1988, and such other relief as this Honorable Court deems just, and equitable under the circumstances.

10

## COUNT III - FEDERAL CLAIM
## 42 U.S.C. 1983 EIGHTH AMENDMENT VIOLATIONS – CRUEL AND UNUSUAL PUNISHMENT

67. Plaintiff incorporates by reference all of the foregoing paragraphs, as though fully set forth herein.

68. The Eighth Amendment of the United States Constitution provides in pertinent part that cruel or unusual punishment shall not be inflicted.

69. Defendants' individual and collective actions as outlined above violated Plaintiff's constitutionally protected right by subjecting her to cruel and unusual punishment.

70. As corroborating acts of Defendants' violations of Plaintiff's constitutionally protected rights, Defendants and Jail personnel deliberately refused to provide Plaintiff with her physician-prescribed medications for her medical conditions, which Defendants knew, or reasonably should have known, Plaintiff suffered from.

71. As corroborating acts of Defendants' violations of Plaintiff's constitutionally protected rights, Defendants and Jail personnel placed Plaintiff in lock down and threatened to place her in the "Pit" if she voiced any more concerns about her health or her conditions, which Defendants knew, or reasonably should have known, Plaintiff suffered from.

72. As corroborating acts of Defendants' violations of Plaintiff's constitutionally protected rights, Defendants and Jail personnel, did not allow Plaintiff to shower during the three days she was wrongfully jailed and held against her will.

73. Plaintiff further suffered and continues to suffer economic and non-economic damages including but not limited to: embarrassment, indignation, anxiety, mental anguish, nightmares, emotional distress, discomfort, pain, loss of weight, humiliation, outrage,

11

shame, fear, loss of income, damage to her professional reputation, damage to her reputation in the community, denial of constitutional rights, and other injuries, damages or consequences related to the incident.

74. Defendants, jointly and individually, acting under color of state law, authorized, tolerated, ratified, permitted or acquiesced in the creation of policies, practices and customs, establishing a defacto policy of deliberate indifference to individuals such as Plaintiff.

75. Defendants' policies, customs, and practices were carried out with deliberate indifference, willful and wanton disregard and with the spirit of gross negligence, and were the direct and deliberate cause of the Constitutional deprivations of Plaintiff's liberty, due process, and were the direct cause of Plaintiff being subjected to cruel and unusual punishment.

WHEREFORE, Plaintiff respectfully requests declaratory relief from this Honorable Court as outlined above, and further requests judgment against all Defendants, jointly and severally, for compensatory damages for whatever amount the jury finds necessary, and further demands judgment against all Defendants, jointly and severally, for punitive damages in whatever amount the jury finds necessary, in addition to all costs, interest, and actual attorney fees pursuant to 42 U.S.C. § 1988, and such other relief as this Honorable Court deems just, and equitable under the circumstances.

## COUNT IV - STATE LAW CLAIM
## FALSE ARREST

76. Plaintiff incorporates by reference all of the foregoing paragraphs, as though fully set forth herein.

12

77. That this Court has jurisdiction over the allegations contained in this count under the equitable doctrine of pendent and supplemental jurisdiction, as the state tort claims alleged in this count arise from the same facts and circumstances underpinning Plaintiff's federal cause of action.

78. On or about August 18, 2010, Defendants falsely, unlawfully and wrongfully, and without Plaintiff's consent and against her will, caused her arrest and deprived Plaintiff of her liberty.

79. As corroborating acts to falsely arrest Plaintiff, Plaintiff specifically re-alleges the factual allegations as set forth and outlined above, and as though fully set forth herein.

80. As a corroborating act to falsely arrest Plaintiff, despite the fact that Defendants had no evidence or probable cause to demonstrate that Plaintiff had committed, or was committing any crime, Defendants placed Plaintiff under arrest and handcuffed her, and kept her in custody.

81. This false arrest was malicious, willful, wanton, and demonstrated a reckless disregard for Plaintiff's rights.

82. That as a direct and proximate result of the conduct of Defendants, referred to more fully above, Plaintiff suffered loss of liberty; incarceration; and imprisonment. Plaintiff further suffered and continues to suffer economic and non-economic damages including but not limited to: embarrassment, indignation, anxiety, mental anguish, nightmares, emotional distress, discomfort, pain, loss of weight, humiliation, outrage, shame, fear, loss of income, damage to her professional reputation, damage to her reputation in the community, denial of constitutional rights, and other injuries, damages or consequences

13

related to the incident.

WHEREFORE, Plaintiff respectfully requests judgment against all Defendants, jointly and severally, for compensatory damages for whatever amount the jury finds necessary, and further demands judgment against all Defendants, jointly and severally, for exemplary damages in whatever amount the jury finds necessary, in addition to all costs, interest, attorney fees, and such other relief as this Honorable Court deems just, and equitable.

## COUNT V - STATE LAW CLAIM
## FALSE IMPRISONMENT

83. Plaintiff incorporates by reference all of the foregoing paragraphs, as though fully set forth herein.

84. That this Court has jurisdiction over the allegations contained in this count under the equitable doctrine of pendent and supplemental jurisdiction, as the state tort claims alleged in this count arise from the same facts and circumstances underpinning Plaintiff's federal cause of action.

85. On or about August 18, 2010, Defendants falsely, unlawfully and wrongfully, and without Plaintiff's consent and against her will, caused the arrest and deprived Plaintiff of her liberty for a period of approximately 3 days.

86. As corroborating acts to falsely imprison Plaintiff, Plaintiff specifically re-alleges the factual allegations as set forth and outlined above and, as though fully set forth herein.

87. As a corroborating act to falsely imprison Plaintiff, despite the fact that Defendants had no evidence or probable cause to demonstrate that Plaintiff had committed, or was committing any crime, Defendant placed Plaintiff under arrest and handcuffed her, and kept her in custody.

14

88. As a corroborating act to falsely imprison Plaintiff, despite the fact that Plaintiff had not committed, and was not committing, any crime, Defendants transported Plaintiff to Genesee County Jail, where Plaintiff was placed in Defendant Sheriff's Department's custody.

89. The imprisonment and restraints were against Plaintiff's will.

90. That this false imprisonment was malicious, willful, wanton, and demonstrated a reckless disregard for Plaintiff's rights.

91. The imprisonment and restraint by actual physical force and the deprivation of Plaintiff's liberty and freedom was intentional, unlawful and unprivileged.

92. In addition to the initial restraint and deprivation of personal liberty and freedom of movement being unreasonable, the continued detention was unreasonable.

93. That as a direct and proximate result of the conduct of Defendants, referred to more fully above, Plaintiff suffered loss of liberty; incarceration; and imprisonment.  Plaintiff further suffered and continues to suffer economic and non-economic damages including but not limited to: embarrassment, indignation, anxiety, mental anguish, nightmares, emotional distress, discomfort, pain, loss of weight, humiliation, outrage, shame, fear, loss of income, damage to her professional reputation, damage to her reputation in the community, denial of constitutional rights, and other injuries, damages or consequences related to the incident.

WHEREFORE, Plaintiff respectfully requests judgment against all Defendants, jointly and severally, for compensatory damages for whatever amount the jury finds necessary, and further demands judgment against all Defendants, jointly and severally, for exemplary damages

in whatever amount the jury finds necessary, in addition to all costs, interest, attorney fees, and such other relief as this Honorable Court deems just, and equitable.

## COUNT VI - STATE LAW CLAIM
## MALICIOUS PROSECUTION

94. Plaintiff incorporates by reference all of the foregoing paragraphs, as though fully set forth herein.

95. That this Court has jurisdiction over the allegations contained in this count under the equitable doctrine of pendent and supplemental jurisdiction, as the state tort claims alleged in this count arise from the same facts and circumstances underpinning Plaintiff's federal cause of action.

96. Upon information and belief, Defendants instituted and initiated the allegations of criminal activity against Plaintiff without probable cause and with malice, and for personal reasons which include, but are not limited to:

   a.   Vexation;
   b.   Harassment;
   c.   Damage to Plaintiff's personal reputation;
   d.   Damage to Plaintiff's community reputation; and
   e.   To interfere with Plaintiff's constitutionally protected right to parent.

97. As corroborating acts of Defendants' malice in instituting and initiating the allegations of criminal activity against Plaintiff, Plaintiff specifically re-alleges the factual allegations as set forth and outlined above in paragraphs, and as though fully set forth herein.

98. MCLA 600.2907 provides for civil and criminal liability for every person who, for vexation, trouble, or with malice, causes another to be arrested, attached, or in any way proceeded against by any process of civil or criminal action without that person's consent.

16

99. Defendants were unable to convict Plaintiff for the alleged criminal acts.

100.     Since then, Defendants have closed the investigation and dismissed all criminal charges against Plaintiff, and no criminal charges have been brought relative to the allegations since.

101.     As a direct result of Defendants' malice in making allegations that initiated the criminal investigations, Plaintiff suffered loss of liberty; incarceration; and imprisonment.  Plaintiff further suffered and continues to suffer economic and non-economic damages including but not limited to: embarrassment, indignation, anxiety, mental anguish, nightmares, emotional distress, discomfort, pain, loss of weight, humiliation, outrage, shame, fear, loss of income, damage to her professional reputation, damage to her reputation in the community, denial of constitutional rights, and other injuries, damages or consequences related to the incident.

WHEREFORE, Plaintiff respectfully requests judgment against all Defendants, jointly and severally, for compensatory damages for whatever amount the jury finds necessary, and further demands judgment against all Defendants, jointly and severally, for exemplary damages in whatever amount the jury finds necessary, in addition to all costs, interest, attorney fees, and such other relief as this Honorable Court deems just, and equitable.

## COUNT VII - STATE LAW CLAIM
## ABUSE OF PROCESS

102.     Plaintiff incorporates by reference all of the foregoing paragraphs, as though fully set forth herein.

103.     That this Court has jurisdiction over the allegations contained in this count under the equitable doctrine of pendent and supplemental jurisdiction, as the state tort claims

alleged in this count arise from the same facts and circumstances underpinning Plaintiff's federal cause of action.

104.     Defendants abused the criminal investigatory process by using it for their ulterior motives or personal reasons for the purpose of causing:

      a.     Vexation;
      b.     Trouble;
      c.     Embarrassment;
      d.     Damage to Plaintiff's professional reputation;
      e.     Damage to Plaintiff's reputation in the community;
      f.     Plaintiff to be unlawfully arrested and detained against her will;
      g.     Plaintiff to be deprived of her constitutionally protected rights of freedom and liberty; and
      h.     Plaintiff to be deprived of her constitutionally protected right to parent.

105.     As corroborating acts of Defendants' improper purpose, Plaintiff specifically re-alleges the factual allegations as set forth and outlined above, and as though fully set forth herein.

106.     As a direct result of Defendants' abuse of process in making allegations that initiated the criminal investigations, and as a direct and proximate result of the conduct of Defendants, referred to more fully above, Plaintiff suffered loss of liberty; incarceration; and imprisonment.  Plaintiff further suffered and continues to suffer economic and non-economic damages including but not limited to: embarrassment, indignation, anxiety, mental anguish, nightmares, emotional distress, discomfort, pain, loss of weight, humiliation, outrage, shame, fear, loss of income, damage to her professional reputation, damage to her reputation in the community, denial of constitutional rights, and other injuries, damages or consequences related to the incident.

WHEREFORE, Plaintiff respectfully requests judgment against all Defendants, jointly

and severally, for compensatory damages for whatever amount the jury finds necessary, and

further demands judgment against all Defendants, jointly and severally, for exemplary damages

in whatever amount the jury finds necessary, in addition to all costs, interest, attorney fees, and

such other relief as this Honorable Court deems just, and equitable.


Respectfully submitted,

AKEEL & VALENTINE, PLC


__s/ Shereef Akeel_____
Shereef H. Akeel, Esq. P54345
Muneeb M. Ahmad P70391
Attorneys for Plaintiff
888 W. Big Beaver Rd, Ste. 910
Troy, MI 48084
Telephone: (248) 269-9595
Facsimile: (248) 269-9119


DATED:        December 16, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

---

MELISSA MARIE JACKSON,
an Individual

                              Plaintiff,

vs                                              Case No:
                                                Hon.


BETTY WILLIAMS, In her
individual capacity,
GENESEE COUNTY JAIL ADMINISTRATOR - LEROY COBB in his
individual and official capacity,
GENESEE COUNTY SHERIFF - ROBERT J. PICKELL, in his
individual and official capacity,
GENESEE COUNTY SHERIFF'S DEPARTMENT,
and GENESSE COUNTY,
Jointly and Severally

                              Defendants.

---

AKEEL & VALENTINE PLC
By:     Shereef H. Akeel P54345
        Muneeb M, Ahmad P70391
888 W. Big Beaver Road, Ste. 910
Troy, MI 48084
Telephone: (248) 269-9595
Fax: (248) 269-9119

---

## JURY DEMAND

---

        NOW COMES Plaintiff, Ms. Melissa Marie Jackson, an Individual, by and through his

undersigned counsel, Akeel & Valentine, PLC, and hereby demands a Trial by Jury of the above-

referenced cause of action.

Respectfully submitted,


AKEEL & VALENTINE, PLC


__s/ Shereef Akeel_____
Shereef H. Akeel, Esq. P54345
Muneeb M. Ahmad P70391
Attorneys for Plaintiff
888 W. Big Beaver Rd, Ste. 910
Troy, MI 48084
Telephone: (248) 269-9595
Facsimile: (248) 269-9119


DATED:      December 16, 2010

Jackson Complaint Jury Demand.112210.doc

2