UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA MARIE JACKSON,

        Plaintiff,

v.                                                            Case No. 10-cv-14985
                                                              Paul D. Borman
                                                              United States District Judge

BETTY WILLIAMS, in her
individual and official capacity,
GENESEE COUNTY JAIL
ADMINISTRATOR-LEROY COBB,
in his individual and official capacity,
GENESEE COUNTY SHERIFF-ROBERT
J. PICKELL, in his individual and official
capacity, ANDREE WILLIAMS, in her
individual and official capacity,
GENESEE COUNTY, and CORIZON
HEALTH, INC.

        Defendants.
_____/

## OPINION AND ORDER
## GRANTING DEFENDANT CORIZON INC.'S MOTION TO DISMISS (Dkt. No. 44)

In this 42 U.S.C. § 1983 case, Melissa Marie Jackson ("Plaintiff") alleges that she was

falsely arrested and imprisoned, and subjected to cruel and unusual punishment, in violation of

the Fourth, Eighth, and Fourteenth Amendments to the Constitution. (Am. Compl., Dkt. No. 40.)

Plaintiff's Amended Complaint names as Defendants Genesee County, several employees of the

Genesee County Sheriff's Department, Melissa Marie Jackson, Andree Williams, and Corizon

Health, Inc. ("Corizon" or "Defendant").

1

Plaintiff initially filed this action on December 16, 2010. (Dkt. No. 1.) Nine months later, Plaintiff sought leave to amend, which the Magistrate Judge granted in part on October 4, 2011. (Dkt. No. 39.) Plaintiff then filed an Amended Complaint adding Defendant Corizon, also on October 4, 2011. (Dkt. No. 40.)

On October 20, 2011, Corizon filed the instant Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 44.) Plaintiff filed a Response on November 21, 2011. (Dkt. No. 52.) Defendant filed a Reply on November 30, 2011. (Dkt. No. 53.) The Court held a hearing on February 17, 2012.

For the reasons stated below, the Court will GRANT Defendant's Motion and DISMISS Defendant Corizon.

## I. BACKGROUND

The facts as alleged in the Amended Complaint are taken as true for purposes of the instant motion. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993).

Plaintiff alleges that, on August 18, 2010, she was standing outside of the Genesee County Jail Building when Defendant Andree Williams approached her, began shouting at her, struck Plaintiff by "chest bumping" her, threw Plaintiff to the ground, and handcuffed her, all without provocation. (Am. Compl. ¶¶ 15-19, 22.) Plaintiff alleges that she was then placed in a holding cell until August 20, 2010, when she was released without charge. (Am. Compl. ¶ 46.) Plaintiff further alleges that, while she was being held without charge, she was denied her prescribed medications and threatened with being placed in the "pit" if she complained about her health conditions. (Am. Compl. ¶ 43.)

The factual allegations relating to Defendant Corizon in the Amended Complaint are as follows:

Upon information and belief, at the time Plaintiff was initially booked, she informed personnel for Defendant Corizon, that she has several medical conditions, including mental health conditions, and was taking physician-prescribed medications for those conditions.

. . . .

Upon information and belief, Defendant Corizon refused to provide Plaintiff with her physician prescribed medication, and Plaintiff was not allowed to take her physician-prescribed medication.

Defendant Corizon also, failed to properly prioritize Plaintiff's medical condition so she could be immediately administered medical care.

Specifically, Defendant Corizon ignored and/or refused to 1) provide Plaintiff the required medical treatment for her mental health conditions despite her pleas, and/or 2) provide her physician-prescribed medication, nor was Plaintiff allowed to take her physician-prescribed medication.

. . . .

Upon information and belief, the following day, August 19, 2010, Plaintiff again, notified and complained to Jail personnel, Genesee Defendants, and Defendant Corizon (hereinafter collectively referred to as "Defendants") that Plaintiff suffered from a sleeping disorder and severe anxiety, and that she was experiencing both a panic attack and an excruciating migraine headache.

Upon information and belief, Plaintiff, also again told the Jail personnel and Defendants that she needed her physician-prescribed medication for her severe pain.

Upon information and belief, Defendants and other Jail personnel deliberately ignored Plaintiff's complaints, and again refused to allow the Plaintiff to take her medicine and ignored her plea for assistance.

. . . .

Upon information and belief, Defendants and Jail personnel, did not allow Plaintiff to take her medication during the three days Plaintiff was wrongfully jailed and held against her will.

3

(Am. Compl. ¶¶ 33-45.)

Based on the above factual allegations, Plaintiff asserts in Counts III and V of the Amended Complaint that Defendant Corizon is liable to her for deliberate indifference under the Fourth, Eighth, and Fourteenth Amendments. Specifically, Plaintiff alleges that "Defendant Corizon's policies, customs, and practices were carried out with deliberate indifference, willful and wanton disregard and with the spirit of gross negligence . . . ." (Am. Compl. ¶ 81.)

Now before the Court is Defendant Corizon's Motion to Dismiss.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court "need not accept as true 'legal conclusions or unwarranted factual inferences.'" *Perry v. Amer. Tobacco Co., Inc.*, 324 F.3d 845, 848 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

A motion to dismiss tests a plaintiff's claims for facial plausibility, or "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The complaint must "permit the court to infer more than a mere possibility of misconduct[.]" *Id.* at 1950. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be

4

enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007).

## III. ANALYSIS

As an initial matter, the Court notes that, although it is a private entity, Defendant

Corizon can be held liable under § 1983 if its actions are "fairly attributable to the state."

*Lindsey v. Detroit Entertainment, LLC*, 484 F.3d 824, 827 (6th Cir. 2007) (citation omitted).

Private companies that provide medical services to prison inmates can be considered state actors

for purposes of § 1983. *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (finding that entity

that contracted with the state to provide medical services to prison inmates was acting under

color of state law).

Plaintiff argues that an allegation that she did not receive adequate medical care is all that

is required to show an Eighth Amendment violation. *Perez v. Oakland County*, 466 F.3d 416,

423 (6th Cir. 2006) (holding that the Eighth Amendment "encompasses a right to medical care

for serious medical needs, including psychological needs."). Plaintiff asserts that her allegations

that she informed Defendant Corizon of her medical condition, and that Defendant Corizon failed

to prioritize her medical needs and refused to provide her prescription medication, are thus

sufficient to state a claim for deliberate indifference.

Plaintiff further argues that Defendant Corizon's "policies were so severely lacking that

they, in and of themselves, were unconstitutional in that they amounted to a deliberate

indifference to Plaintiff's serious medical needs." (Pl.'s Resp. 11.) However, the Amended

Complaint does not identify any specific written policy, much less allege that a specific written

policy is "so severely lacking" that it is unconstitutional. Nevertheless, Plaintiff claims that

Defendant's lack of a policy is sufficient for her deliberate indifference claim. Plaintiff argues

5

that, because she alleged that Defendant Corizon "failed to properly prioritize Plaintiff's medical condition" during the booking process, she has sufficiently pled factual allegations showing that Defendant failed to establish a policy.

Plaintiff argues in the alternative that, if the Court finds her allegations against Defendant Corizon insufficient, the Court should allow Plaintiff leave to, yet again, amend her complaint.

## A. Plaintiff Has Failed to State a Claim Against Defendant Corizon

The Amended Complaint alleges generally that Plaintiff "informed personnel for Defendant Corizon" about her medical needs, but that "Defendant Corizon refused to provide Plaintiff with her physician prescribed medication" and "failed to properly prioritize Plaintiff's medical condition[.]"  (Am. Compl. ¶¶ 33, 35.)  Plaintiff does not name any individual employees of Corizon.  More importantly, Plaintiff does not allege that any Corizon employee was acting pursuant to a Corizon policy when he/she declined to provide Plaintiff with her medications or "failed to properly prioritize" her medical condition.  Plaintiff's Amended Complaint makes no distinction between Defendant Corizon and the actions of its employees, who may not have been properly following Corizon policies.  Allowing Plaintiff to proceed based on these allegations would thus be tantamount to allowing *respondeat superior* liability for Defendant Corizon. *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005) (holding that supervisory employees were not liable for unlawful beatings inflicted by subordinates, despite policy stating that "supervisor-in-charge" was responsible for the proper care and treatment of prisoners, because liability based on the policy "would be tantamount to the imposition of *respondeat superior* liability[.]").

The Court also disagrees with Plaintiff's argument that she sufficiently alleged deliberate indifference by pleading that Defendant Corizon "failed to properly prioritize Plaintiff's medical

6

condition" during the booking procedure.  Plaintiff has not pled any facts showing that this alleged failure was related to any specific policy or practice by Defendant Corizon.  While Defendant may have been acting pursuant to a policy, it may also have simply been negligent. While the Court accepts all Plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Plaintiff's conclusory allegation, without more, is not sufficient to support a claim for deliberate indifference.

Plaintiff argues that Defendant Corizon's lack of a policy can give rise to § 1983 liability. "[W]here no formal policy exists, the critical question is whether there is a particular custom or practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Jones v. Muskegon County*, 625 F.3d 935, 946 (6th Cir. 2010).  However, Plaintiff's counsel conceded at oral argument that Defendant Corizon does have a formal policy requiring prisoners to receive an initial health screening upon arrival.  Furthermore, Plaintiff's allegations regarding her alleged denial of medical treatment are not sufficient to support a custom or practice claim for deliberate indifference, because they only constitute a single occurrence of constitutional violations. *Thomas*, 398 F.3d at 433 (holding that a plaintiff "cannot rely solely on a single instance to infer a policy of deliberate indifference.").

Plaintiff's reliance on the Third Circuit decision in *Natale v. Camden County Correctional Facility*, 318 F.3d 575 (3d Cir. 2003) is misplaced.  *Natale* involved a well-defined practice regarding the recording of inmates' medical needs, and the absence of any policy to address serious medical needs, within the first 72 hours of their incarceration.  *Id.* at 584-85.  In

the instant case, Plaintiff's counsel concedes that Defendant Corizon has a policy in place that addresses prisoners' medical needs within the first 72 hours of incarceration.

**D. Plaintiff's Motion to Amend**

Plaintiff requests leave to filed a Second Amended Complaint if the Court finds that she has failed to state a claim. Plaintiff has not attached her proposed Second Amended Complaint to her Response, as required by Local Rule 15.1.

The first Complaint in this case was filed over a year ago on December 16, 2010. Plaintiff has been allowed ample time for discovery. Furthermore, Plaintiff's Amended Complaint was filed on October 16, 2011, after several months of discovery had already taken place. Plaintiff admits that she had Defendant Corizon's existing policy for treating inmates prior to filing the First Amended Complaint. (Pl.'s Resp. 5.) Plaintiff does not allege that she has acquired any new information about Defendant through discovery or otherwise.

The Court thus finds that granting leave to amend at this time would be futile and would result in undue delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, leave to amend is denied.

## IV. CONCLUSION

For the reasons stated above, the Court should:

(1) **GRANT** Defendant's Motion to Dismiss, and

(2) **DISMISS** Defendant Corizon Health, Inc. **WITH PREJUDICE**.

**SO ORDERED.**

_____
PAUL D. BORMAN
UNITED STATES DISTRICT COURT JUDGE

Dated: 3-8-12
Detroit, Michigan