UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA MARIE JACKSON,

    Plaintiff,

v.

    Case No. 10-cv-14985
    Paul D. Borman
    United States District Judge

BETTY WILLIAMS, in her
individual and official capacity,
GENESEE COUNTY JAIL
ADMINISTRATOR-LEROY COBB,
in his individual and official capacity,
GENESEE COUNTY SHERIFF-ROBERT
J. PICKELL, in his individual and official
capacity, ANDREE WILLIAMS, in her
individual and official capacity,
GENESEE COUNTY, and CORIZON
HEALTH, INC.

    Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT ANDREE WILLIAMS'
MOTION FOR RECONSIDERATION (Dkt. No. 64)**

This matter is before the Court on Defendant Andree Williams's Motion for Reconsideration, filed on September 4, 2012. (Dkt. No. 64.) On August 20, 2012, the Court issued an Opinion and Order Granting in Part and Denying in Part Defendants Andree Williams and Genesee County's Motion for Summary Judgment. (Dkt. No. 62.) The Court dismissed the claims against Defendant Genesee County, but found that a question of fact existed as to Plaintiff's § 1983 claims against Defendant Williams. Defendant Williams now argues that the Court was misled by a palpable defect in its August 20, 2012 Opinion and Order.

1

Defendant's motion is brought pursuant to Eastern District of Michigan Local Rule 7.1(h)(3), which provides that, in requesting reconsideration of a prior order, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F. Supp. 2d 609, 618 (E.D. Mich. 2008). A motion for reconsideration must be denied if it "presents the same issues already ruled upon by the court, either expressly or by reasonable implication . . . ." *Ford Motor Co. v. Greatdomains.Com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). Granting a motion for reconsideration "is an exception to the norm[,]" and the movant most demonstrate "a significant error that changes the outcome of a ruling on a motion . . . ." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).

In her Motion for Summary Judgment, Defendant asserted that she believed she had probable cause to arrest Plaintiff, and was thus entitled to qualified immunity, because Plaintiff was writing the words "My Love, My Everything, Kisses" on the street curb facing the Genesee County Jail, where her boyfriend was incarcerated. Defendant argued that Plaintiff was violating the City of Flint's Disorderly Conduct and Disorderly Persons Ordinance. Flint, Mi., Code § 31-12(k). This ordinance defines a "disorderly person" as someone who "[k]nowingly destroys, damages or defaces or removes any public property or other property not his own." *Id.* Defendant argues that she had probable cause to arrest Plaintiff because Plaintiff's conduct constituted "defacing" public property under the City of Flint Ordinance. *See* M.C.L. § 764.15(1)(a) (providing that "[a] peace officer, without a warrant, may arrest a person [if] . . . [a] felony, misdemeanor, or ordinance violation is committed in the peace officer's presence.").

2

In its August 20, 2012 Opinion and Order, the Court found that "[no] reasonable police officer could view writing on a street curb with chalk as an arrestable offense," noting that "chalk writing is not permanent and easily washes away with water, and is normally completely erased after a simple rain storm." (Aug. 20, 2012 Op. and Order at 10.) The Court cited *Mackinney v. Nielsen*, 69 F.3d 1002 (9th Cir. 1995), which held that a police officer was not entitled to qualified immunity after arresting a plaintiff for writing on a sidewalk with chalk, because "[n]o reasonable person could think that writing with chalk would damage a sidewalk." *Id.* at 1005.

Defendant now argues in her Motion for Reconsideration that the Court committed a palpable defect in ruling that Plaintiff's chalk writing was not within the "defacing" provision of the disorderly person ordinance. Defendant relies on several cases in which temporary, washable writing was construed as defacement. Notably, none of the cases are from State of Michigan courts or courts in the Sixth Circuit.

Two cases cited by Defendant – *United States v. Mutari*, No. 07-CR-387, 2007 WL 3046746 (N.D.N.Y., Oct. 16, 2007) (unpublished) and *United States v. Mutari*, No. 08-CR-0060, 2008 WL 687434, (N.D.N.Y. March 11, 2008) (unpublished) – involved a criminal defendant who "[was] no stranger to the court or law enforcement officials stationed at the James M. Hanley Federal Building, located in Syracuse, New York . . . ." *Mutari*, 2008 WL 687434, at *1. These cases, both of which were Memorandum Decisions written by Magistrate Judges in the United States District Court for the Northern District of New York, dealt with a defendant who had been repeatedly arrested in connection with his activities near the James M. Hanley Federal Building. Because of his prior activities, the defendant was specifically ordered not to write with chalk on the public sidewalk outside the federal building. "While the majority of his arrests prior to those now at issue have resulted from the defendant's entering onto the Federal Building premises and refusing to leave when

3

ordered to do so, some have also involved his refusal to obey explicit directions that he not write in chalk on government property adjacent to the Federal Building." *Id.*

Unlike the instant case, the *Mutari* cases involved an individual who was explicitly and repeatedly told not to write with chalk on a sidewalk, and who repeatedly refused to follow this instruction. Plaintiff in the instant case testified that deputies at the Genesee County Jail knew she stood on the sidewalk after her visits, and that she had written on the sidewalk on at least two other occasions without incident. (Defs.' Mot. Summ. J., Ex. A, Jackson Dep. 66-67, 72.) Furthermore, Plaintiff testified that she was obeying Defendant Williams's request to leave the area, and she stopped writing with chalk when Defendant Williams initially approached her. Viewing the evidence in a light most favorable to the non-moving party, Plaintiff did not disobey any of Defendant Williams's explicit directions, unlike the criminal defendant in *Mutari*.

Defendant also relies on *In re Nicholas Y*, 102 Cal. Rptr. 2d 511, in which a California state appellate court upheld an order finding that a minor had vandalized a building, in part, by writing on a window in marker, even though the marker could be easily cleaned from the window. The juvenile in that case had also trespassed on the property in the early morning hours and had written "RTK" throughout the building approximately 30 times. *Id.* at 511. The California court noted that "RTK" stood for "The Right to Crime." *Id.*

By contrast, Plaintiff in the instant case was not trespassing by standing on a public sidewalk. As noted *supra*, Plaintiff claimed that she had talked to deputies about standing on the sidewalk, and that they told her that other visitors to the jail stood in the same spot with balloons and signs and were not arrested for doing so. (Jackson Dep. 72.) The chalk writing in the instant matter is distinguishable from the wanton vandalism in the *In re Nicholas Y* case.

4

Defendant cites *Mahoney v. Doe*, 642 F.3d 1112 (C.A.D.C. 2011), in which the United States Court of Appeals for the District of Columbia Circuit upheld the constitutionality of an anti-defacement statute. In that case, police officers asked the plaintiff who brought the challenge to stop writing with chalk on the sidewalk. Unlike the instant case, the plaintiff was *not* arrested after he complied with the officers' orders. *Id.* at 1115. Furthermore, the case did not involve writing with chalk on any street curb, but specifically involved the plaintiff's attempts to write protest messages on the sidewalk on the 1600 block of Pennsylvania Avenue – the street in front of the White House. *Id.* at 1114.

These cases are clearly distinguishable from the instant matter. Notably, when taken in a light most favorable to Plaintiff, the evidence in the instant matter shows that Plaintiff was complying with Defendant Williams's orders when Defendant told her to leave the area, prior to Plaintiff's arrest. As the Court stated in its August 20, 2012 Opinion and Order:

> Given the conflicting testimony in Plaintiff's and Defendant Williams's depositions, viewing the evidence in a light most favorable to Plaintiff, a reasonable juror could conclude that Plaintiff was attempting to comply with Defendant Williams's demands that she leave by walking away. A reasonable juror could also believe that Plaintiff was still complying when she walked back to Defendant Williams after Defendant Williams asked for Plaintiff's name, and that Defendant Williams did not have probable cause to throw Plaintiff to the ground and arrest her when Plaintiff asked to see Defendant Williams's name.

(Aug. 20, 2012 Op. and Order at 10-11.)

Accordingly, even if the Flint ordinance were construed to mean that writing with chalk on a public sidewalk is a misdemeanor, it would not change the outcome of the Court's ruling. A reasonable juror could believe Plaintiff's testimony that she stopped writing with chalk and tried to leave the area when Defendant Williams told her to leave, and was still attempting to comply when she came back after Defendant Williams asked Plaintiff for her name. Given this factual scenario,

5

no reasonable officer could believe that she could tackle and arrest an otherwise compliant person merely because the person asked what the officer's name was. *See Wysong v. City of Heath*, 260 Fed. Appx. 848, 856 (6th Cir. 2008) (unpublished decision) (noting that "the right to be free from physical force when one is not resisting the police is a clearly established right.").

Accordingly, Defendant has failed to show that the Court was misled by a palpable defect that changes the outcome of the Court's ruling. Defendant's Motion for Reconsideration is therefore DENIED.

SO ORDERED.

                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT COURT JUDGE

Dated: 1-14-13
Detroit, Michigan